# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DESMOND GORDON,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV510-054

E. ACREE; B. GOODRICH;
J. REED; Sgt. GIBSON; and
Mrs. MONROE, Staff Nurse,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F. 3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he was assigned to wax the main hall floors at the Coffee Correctional Facility by Defendant Acree and that the wax ruined his shoes. Plaintiff claims that Defendant Acree told Plaintiff to order another pair of shoes and to pick them up at visitation when they arrived. Plaintiff states when the shoes arrived he filled out a form for them to be put in the property room. Plaintiff claims he was told by Defendant Gibson that he could not retrieve his shoes from the property room unless Defendant Acree came with Plaintiff to retrieve the shoes. Plaintiff states that Defendant Acree never accompanied Plaintiff to retrieve his shoes and that this caused him emotional distress. Plaintiff states that Defendant Acree threatened Plaintiff by telling him that he would never get his shoes. Plaintiff asserts that his Fourth, Eighth, and Fourteenth Amendment rights are being violated.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. Amend. IV. Plaintiff's claims that he has not had access to his shoes does not evidence any violation of his Fourth Amendment right to be free from unreasonable searches and seizures.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner." Farmer, 511 U.S. at 836. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Plaintiff has made no showing that Defendants knew of and disregarded an excessive risk to Plaintiff's health and safety. Even taken as entirely true, Plaintiff's allegations fail to rise to the level of deliberate indifference necessary to establish a violation of Defendant's Eighth Amendment right to be free from cruel and unusual punishment.

The Due Process Clause of the Fourteenth Amendment provides no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV, § 1. The intentional deprivation of property gives rise to a Due

Process Clause violation only when the State fails to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful deprivation of personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Accordingly, Plaintiff is not entitled to relief on this claim.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of July, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE